January 7, 2013

Kalief Stanley #01A2643
P.O. Box 4000
Stormville, N.Y. 12582
Green Haven Corr. Fac.



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
JAN 09 2013
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Dear Sir/Madam,

I'm writing in Regards to a very Serious matter. On December 15, 2006 I filed a pro se Writ of Habeas Corpus with this Court 9:06-CV-1504.

In my writ One of the points I raised was Prosecutor failed to reveal promise of Leniency of witness Donald Lewis.

This Court Denied my writ saying that no Such promise existed between Donald Lewis and the prosecution office, that there was no "Memorandum" or Notation evincing any deal or promise made to Lewis in exchange for His testimony.

This Court Said that I bear the burden of Rebutting that presumption by "Clear and Convincing Evidence." 28 U.S.C. 2254(e)(1); Leka v. Portuendo 257 F.3d 89, 92 (2d Cir. 2001).

This Court Said that Deference will be given to factual findings by both State

trial and Appellate courts. whitaker v.
meachum 123 F.3d 714, 715 N.1 (2nd Cir. 1497).
this Court Stated that I Submit nothing
to rebut the presumption that the State
Court Correctly concluded that no promise
of Leniency was made to Donald Lewis,
Or otherwise question the Credibility of the
prosecutor and Lewis that no
Such promise existed

well I Sent out a F.O.I.L
Request On July 2, 2012 to the Albany
City Court and On December 24, 2012 I
received legal mail from the Albany
City Court and inside the envelope was
one piece of paper DoNALD LEWIS MEMORANDUM
OF PlEA BARGIN which Clearly States the terms
of his agreement with the prosecutor. "Testify
for the people-lead to a Conviction" (See
enclosed Memorandum), this plea agreement is
Signed and dated by the prosecution office,
Lewis, His Attorney Mr. George mehm, and the
Judge MR. Herrick.

the prosecutor peter J. Blanchfield
Committed fraud on the Court by Saying
no Such deal existed and thus denied
me my 6th Amendment Right to a fair
and impartial trial, and my 14th Amendment
right to due process for failing to turn
over Brady material.

the prosecutor failed to correct the false testimony of Donald Lewis and admitted his false testimony of Lewis into evidence, knowing it to be false. Lewis was facing a pending drug charge, two warrants, and was a suspect in two shooting incidents one of them being the one I stand convicted for. After he testified at my grand jury hearing he was "Released under Supervision" the Same day. There are no police reports (other than the one that he was the Number 1 suspect in this case) or Statements of Donald Lewis prior to his testimony at my grand jury Hearing. I always knew that Donald Lewis received a deal for his testimony because there was No other reason he would lie and said I Confessed to him about this Crime. Donald Lewis didn't tell this to the police and give any written Statement why? The first testimony of Donald Lewis at my grand jury Hearing (when he was already charge with the Criminal Sale of a Controlled Substance) Here He Stated that I told him, Linda Rodriguez and Rodney Codington I Committed this Crime. Linda Rodriguez or Rodney Codington was Never called by the prosecution or my trial Lawyer) to cooborate Donald Lewis testimony of my Confession. At trial

Donald Lewis testimony change to me only confessing to him. with out Lewis testimony the people only would have to rely on the testimony of Co-defendant Reggie Adams that I committed this crime. Adams tailored his testimony from the very beginning when he got arrested for a criminal sale of a controlled substance. Adams gave Det. Anthony Ryan a sworn statement saying that I committed this crime and he didn't have anything to do with it. Adams did Admit in his statement that he was wearing a Green camoflage jacket. This jacket is what got Adams charged with ~~the~~ me. Once Adams was charged he Admitted at his plea Allocution that I fired the Gun and he was my look out. But it's strange that victim Markeen Ryan stated to Det Sean P. Keere that he turned and saw a black male Chubby (5m only 5 feet 4 inches, ± 25 y/65) wearing a camoflage jacket pointing a gun at him. Markeen Ryan testified at my Grand jury to these same facts but was not called to my trial because his testimony would have showed that Reggie Adams was the one that shot the three victims. In stead the people consented to dismiss the counts against Markeen Ryan

for failing to prove each and every element, Detective Anthony Ryan testified that Markeen Ryan couldn't provide no identity of the Shooter because his back was turned which is a lie. Because Markeen Ryan provided a Clear description of the Shooter when He was interviewed by Detective Sean P. Keene, He stated that the person was a B/m, Chubby, Camoflage Jacket. The jury wasnt made aware of none of this as well that lewis was receiving a deal for his testimony against me. Only deal the jury was made aware of was the deal of Reggie Adams that he would receive 3½ years for this Case and his pending drug sale. none of the victins identified as the one being responsible for this crime because they knew who was responsible for it according to victim Markeen Ryan testimony. These victins only testified (Nailor Blair, Moshe Grier) as to the injuries the received.

In asking this court for any assistance on how to proceed with this matter. I look forward to your reply and thank you for your time and patience.

Respectfully

Keilief Stanly

# Exhibits

Cover Letter

Exhibit 1. Memorandum of Donald Lewis Plea Bargin

Exhibit 2. Date & Envelope memorandum was mailed out from the City Court

Exhibit 3. Testimony of mr.Lewis Stating that he didnt want to testify against Defendant

Exhibit 4. Testimony of mr Lewis on when He got arrested and Released

Exhibit 5. Testimony of mr. Lewis on when He got arrested and Released also what he was Locked-up for.

Exhibit 7. Defendant Lawyer inquires whether a deal was pending on made with Donald Lewis

Exhibit 6. MR. Lewis Testimony of Not being promised anything for his testimony.

Exhibit 8. The terms of Lewis Release, D.A Blanchfield denies that Lewis was Released on oct 6. 2000 Same day as Defendant Grandjury, He also States that He Had No Knowledge of any deals

Exhibit 8. D.A Blanchfield States in Discussions with Tom Dulin if MR. Lewis Testifies in this trial they will treat his Case as a misdemeanor.

Exhibit 9. "The Bluff" which even Show that Lewis Knew he was going to receive a deal.

Exhibit 9. Trial Attorney show's that D.A. Blanchfield Never Contacted the City Court.

Exhibit 10. Trial Attorney Request to bring Mr. Lewis back

cut to testify - which was denied by trial judge outside the presence of the Jury.

Exhibit 10. D.A Blanchfield admitts that he never spoke to Lewis lawyer Mr. George mehm to find out about his deal.

Exhibit 10. Trial Judge 1st Ruling. Lewis Denied having any Knowledge of any deals.

Exhibit 11. Trial Judge 2nd ruling - That there is No "Memorandums" or Notations on Lewis Files indicating any deal

Exhibit 11 Trial Judge 3rd ruling - That Lewis was going to have his felony reduced to a misdemeanor because a confidential informant isn't available. (This is not what Lewis memorandum of Plea Bargin say. Difficult in Proof "would have be Checked istead of Interest of Justice the Reasons below - Testified For the people - Lead to Conviction

Exhibit 11 - Trial Judge Further ruled that at the time of Defendant Grandjury Donald Lewis did't have a drug case in existence So his Grandjury Testimony Cannot be premised upon any deal or promise made to him in exchange For his testimony.

Exhibit 12-B Clearly Shows that Donald Lewis had a drug Charge at the time of Defendant Grandjury

Exhibit 14-15. Clearly Shows that Donald Lewis appeared at the Defendant Grandjury Hearing on Oct. 6, 2000 and according exhibit 4-5 Donald Lewis said he was released the Same day.

**MEMORANDUM OF PLEA BARGAIN**

County of Albany                                    City of Albany

The People of the State of New York,

.vs.

*Donald Lewis*                        Defendant.

| **ORIGINAL CHARGES** | **REDUCED TO** |
|---|---|
| A. *220.39 (1)* | *220.03* |
| B. | |
| C. | |
| D. | |
| E. | |

- ✓ Defendant hereby waives right to appeal
- ✓ Defendant offers plea to charge (s): *220.03* in full satisfaction of all outstanding charges.

--- Defendant moves for adjournment in contemplation of dismissal --- CPL 170.55
--- CPL 170.56

The People consent to such disposition for the following reasons:
--- No prior record
--- Difficulty in proof
- ✓ Interest in Justice that reasons below: *Δ testified for the People - lead to a conviction*

----- No promises made as to sentence
----- The following promise made as to sentence

*220.03 + Surcharge*

The above constitutes the agreement among the People, the defendant and the court as to the disposition of the original charges(s) and the defendant by his signature hereto affirms that he consents thereto with the full appreciation of his rights and being fully aware of the terms of this agreement.

_____L.S.          _____L.S.
Assistant District Attorney        Defendant

                                   _____L.S.
                                   Attorney for defendant

            Approved          _____
                             Hon. Stephen W. Herrick

            Approved          _____
                             Hon. John C. Egan Jr.

*4/11/0*
_____
Dated: Albany, NY

*Exhibit 1*

Hasler
12/17/2012
US POSTAGE

FIRST-CLASS MAIL
$00.45°

ZIP 12202
011D10634425

Exhibit 2

E4-187

Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-4000
Kalief Stanley DIN: 01A 2643

12582-4000

STATE OF NEW YORK
CITY COURT OF ALBANY
MORTON AVENUE & BROAD STREET
ALBANY, NEW YORK 12202

(Lewis - For the People - Direct)                    369

1              THE COURT:  Hold on a minute.  Harold?

2              (There was a discussion off the record.)

3              THE COURT:  Go ahead.  Read the last two

4    questions and answers back, please.

5              (The reporter read back the previous

6    testimony.)

7    BY MR. BLANCHFIELD:

8         Q    What does it mean to put in work?

9         A    Huh?

10        Q    What does it mean to put in work?

11        A    Commit a crime.

12        Q    And when he told you they should be laying down,

13   what does that mean?

14        A    (No response.)

15        Q    When Kalief Stanley told you they should be

16   laying down, what does that mean?

17        A    Should be dead.

18        Q    Do you want to be here today, Mr. Lewis?

19        A    No.

20        Q    Are you still a member of the Bloods?

21        A    No.

22        Q    Why did you get out?

23        A    I got kids.

24              MR. BLANCHFIELD:  I have nothing else,

RA 38

1    A    Yes.

2    Q    Where were you, up in Albany County?

3    A    Yes.

4    Q    That was for a charge out of Albany Police

5 Court, wasn't it?

6    A    Yes.

7    Q    Wasn't that a charge of false personation?

8    A    No.

9    Q    Was that a charge of criminal trespass?

10    A    No.

11    Q    When did you get out of Albany County?

12    A    October 6.

13    Q    Of what, 2000?

14    A    Yes.

15    Q    When did you go into Albany County?

16    A    September 14.  September 15.

17    Q    And while at the Albany County Jail you decided

18 you didn't want to be a member of the Bloods anymore?

19    A    Yes.

20    Q    How long have you known Reggie Adams?

21    A    For a little while.

22    Q    What?

23    A    For a little while.

24    Q    Well, what is a little while?

(Lewis - For the People - Cross)                389

1    Q    Mr. Lewis, isn't it true that on May 23, 2000,

2    in Albany Police Court, you were sentenced to time served

3    on that Criminal Trespass Second?

4    A    If that was the charge -- hold on.  No.  No.

5    No.  I haven't got time served for anything.

6    Q    Well, Mr. Lewis --

7    A    I paid a fine for my criminal impersonation, or

8    whatever it was.  I paid a fine for it.  I didn't get time

9    served for anything.  I never get time served.  I always

10   have to do my time, all the time.

11   Q    You said you got out of the Albany County Jail

12   in October of 2000; right?

13   A    No.  I got out of -- yeah, I did.  Yes.  October

14   6.

15   Q    October 6 was the time you got out?

16   A    Yep.

17   Q    And how much time were you doing?

18   A    I was in there for a charge.

19   Q    What type of charge?

20   A    Criminal sale of a controlled substance.

21   Q    Misdemeanor?

22   A    Felony.

23   Q    When did you go into the county jail?

24   A    September 14th or 15th.

1  Q   Well, your deal, it is going to happen after

2  this; right?

3  A   I have no idea.  I haven't been promised

4  anything.

5  Q   But you got out, though, didn't you?

6  A   Yeah.

7  Q   Prior to September of 2000, when were you in

8  jail last?

9  A   February 23, 2000.

10  Q   Back on June 20th of 2000 you were convicted of

11  false personation; right?

12  A   Yes.

13  Q   You paid a fine?

14  A   Yes, but I didn't go to jail.  I went to the

15  police station, down to the precinct.  They gave me a desk

16  appearance ticket.  I left after paying my fine.  They

17  picked me up.  By the time I got to the county, my fine

18  had been paid.  I was cut loose.

19  Q   You paid the fine?

20  A   Yes.

21  Q   Mr. Lewis, back on June 14, 2000, at the 392

22  Clinton Avenue address, you gave that gun back to Reggie

23  Adams, didn't you?

24  A   Yes, I did.

(David Mayo, Official Court Reporter)

421

1    inquire of whether there was a deal pending or made with

2    the witness Donald Lewis concerning his pending drug

3    charge.  And rather than put it on the record at that

4    time, I directed that the District Attorney check during

5    the lunch hour to see if there is any indication of a deal

6    or a promise made to Mr. Lewis in exchange for his

7    testimony.

8                    Does that accurately state your concern and

9    your request, Mr. Mansion?

10                   MR. MANSION:  Yes, Judge.  I thought that

11   if there was a deal struck, it would be discoverable and

12   Rosario material.

13                   THE COURT:  I don't disagree with that.

14   Mr. Blanchfield, did you have an opportunity to check Mr.

15   Lewis' file during the lunch hour and, if so, what did you

16   find out?

17                   MR. BLANCHFIELD:  Yes, Judge.  At the lunch

18   hour I spoke to Mr. Poremba, who is handling a drug case

19   for Mr. Lewis.  Mr. Poremba also contacted the Albany City

20   Court Court Clerk to check on the court's notations.  I

21   myself tried to contact Mr. George Mehm but was unable to

22   get ahold of him.

23                   Based on the court record, it appears

24   sometime back in September that at Mr. Lewis' arrest bail

(David Mayo, Official Court Reporter)

422

Exhibit 7

1  was set in the amount of $5,000.  Subsequent to that the

2  court record indicates that the defendant was RUS.

3              THE COURT:  Released under supervision?

4              MR. BLANCHFIELD:  That's what it said,

5  Judge.  It appears that date is after the date that Mr.

6  Lewis had testified for the People in the Grand Jury.  At

7  the time of the Grand Jury proceeding there was testimony,

8  which Mr. Mansion has, that Mr. Lewis had not received a

9  deal in any way regarding the drug case.  And I was

10 unaware of any deal.

11             Subsequent to that, Judge, in the beginning

12 of March now of this year, there are notations on the file

13 that indicate -- one notation is that the CI in that case

14 is unavailable.

15             THE COURT:  In Mr. Lewis' drug case?

16             MR. BLANCHFIELD:  In Mr. Lewis' drug case.

17 The other indication is that in discussions with PD Tom

18 Dulin, if Mr. Lewis testifies in this trial that they will

19 treat his case as a misdemeanor.

20             THE COURT:  Is that reduction to a

21 misdemeanor based upon a lack of evidence and an informant

22 or based upon a promise or deal?

23             (Mr. Blanchfield and Mr. Poremba confer.)

24             MR. BLANCHFIELD:  It was indicated, as

423

1    such, Judge, the People in a sense were not able to really

2    go forward with Mr. Lewis' case. So had there been, for

3    lack of a better term, I think it was a bluff with Mr.

4    Lewis, in the sense that had he not testified, there was

5    no way to go forward with his case, having lack of

6    evidence against him, with no CI.

7                    MR. MANSION:  May I address what Mr.

8    Blanchfield said?

9                    THE COURT:  Yes.

10                   MR. MANSION:  My understanding of the inner

11   workings of the Public Defender's Office is that Tom Dulin

12   does not practice out of the Police Court here in the City

13   of Albany but he is an Assistant Public Defender assigned

14   to handle felonies.

15                   And, Judge, I think at least to a certain

16   extent it appears that the witness here, Mr. Lewis, was

17   motivated, at least in his mind, as to the fact that he

18   believed he was getting a deal in consideration for his

19   testimony as a witness for the People against Mr. Stanley.

20                   Judge, as an officer of the court, I would

21   no way doubt Mr. Blanchfield's integrity, but I do think

22   that from what Mr. Blanchfield said and his knowledge of

23   Mr. Dulin being involved, he did strike a deal for his

24   testimony here.

424

Exhibit 9

1       Part of the request I had made was for any

2   Rosario material, any memorandum of any deals or offers

3   that were made.  Mr. Blanchfield has indicated that there

4   are none.  But I certainly would respectfully reserve the

5   right to call this gentleman back up here now that I have

6   at least the parameters of a deal and who his attorney was

7   in the Public Defender's Office and make an inquiry as to

8   that, a further inquiry.

9       THE COURT:  Are you finished?

10      MR. MANSION:  I'm finished.

11      MR. BLANCHFIELD:   If I could spread some

12  clarification on.  I was informed by Mr. Poremba that he

13  spoke to Mr. Dulin only in an effort to convey that

14  message to someone in the Public Defender's Office, that

15  he was not able to get ahold of Mr. Mehm.  So he had an

16  opportunity to speak to Mr. Dulin, and Mr. Dulin was to

17  pass that message on to members of the Public Defender's

18  Office.

19      THE COURT:  Are you finished?

20      MR. BLANCHFIELD:  Yes, Judge.

21      THE COURT:  All right.  First, it appears

22  that this witness, pursuant to his testimony, testified

23  that he had no knowledge of any deals or promise made to

24  him in exchange for his testimony in this case.

425

1              Second of all, it appears and is

2    uncontradicted that the District Attorney's file on Mr.

3    Lewis contains no memoranda, no notations, or no writings

4    evidencing any deal or any promise made to him in exchange

5    for his testimony.

6              Third, it appears that the fact that Mr.

7    Lewis is going to get the benefit of a reduction from a

8    felony drug charge to a misdemeanor or possibly a better

9    reduction is due to the fact that the confidential

10   informant involved in that drug case is unavailable.   It

11   also appears that at the time or it is uncontroverted that

12   at the time he testified before the Grand Jury there was

13   no drug case in existence, so his Grand Jury testimony

14   could not be premised upon any promise or offer of a

15   promise in exchange for testimony.

16             Accordingly, I am going to deny the

17   defendant's request to bring Mr. Lewis back to testify or

18   to question him on what you believe to be a deal, in view

19   of the fact it has not been established that there was a

20   deal or a promise made to him or an offer of a promise.

21             MR. MANSION:   Judge, please note my

22   exception on the record.

23             THE COURT:   You have an exception to every

24   ruling I make.   Bring the jury out, please.

(David Mayo, Official Court Reporter)

```
N 0954-0954 03/08/01   ROSQ# GDAA 05565   RDSQ# 03190394  PART 008 OF 008
DATE    03-08-01                                          PAGE    4
NAME    LEWIS,DONALD            NYSID  7604361K   TRAN NO  00892
```

```
            < < < < < < < CRIMINAL HISTORY > > > > > > > |
-----------------------------------------------------------------------
    ARREST     !  ARREST/ARRAIGNMENT CHARGES  !     DISPOSITION AND    !
  INFORMATION  !                              !      RELATED DATA       !
-----------------------------------------------------------------------
               !                              !         DKT # 00-115062
               !                              !RETURNED ON WARRANT
               !                              !
               !                              !
-----------------------------------------------------------------------
               !NO ARREST REPORTED            !    - - DISPOSITION - -
               !                              !09-15-00  CITY CRT ALBANY
               !                              !         DKT # 00-118158
               !                              !INITIAL REPORT OF DOCKET
               !                              !NUMBER
               !                              !
               !                              !
-----------------------------------------------------------------------
            < < < < < < < OTHER INFORMATION > > > > > > >
-----------------------------------------------------------------------
LATEST UPDATED PERSONAL DESCRIPTORS:  EYES/BROWN   HAIR/BLACK    WGT 168 LBS
-----------------------------------------------------------------------
NCIC FINGERPRINT CLASSIFICATION  PMPIPMCO19DIPMPIPI15
-----------------------------------------------------------------------
 SOCSEC ! 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 ! 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
-----------------------------------------------------------------------
DOB INFO! JAN  08,1977
-----------------------------------------------------------------------
POB INFO! NEW YORK          ! PENNSYLVANIA
-----------------------------------------------------------------------
NAME AND! REPORTED ON  !         INFORMATION
 ADDRESS!-------------------------------------------------------------
        !OCT  10,1996! LEWIS,DONALD (III)
        !            !1908 8TH AV          WATERVLIET      NEW YORK
        !NOV  10,1996! LOUIS,DONALD
        !            !1907   8 AVE         WATERVLIET     NEW YORK
        !JUNE 23,1999! LEWIS,DONALD (III)
        !            !2136   4TH    AVE    WATERVLIET      NEW YORK
        !JUNE 23,1999! LEWIS,PANAMA
        !AUG  19,1999! LEWIS,DONALD (III)
        !            !2136  4TH AVENUE     WATERVIELT      NEW YORK
        !MAY  15,2000! LEWIS,DONALD (III)
        !            !148 BROAD ST #1      ALBANY          NEW YORK
-----------------------------------------------------------------------
WHERE AN INDIVIDUAL IS SENTENCED JUNE 1, 1981, OR LATER, ON MORE THAN ONE
CHARGE WITHIN A DOCKET, THE SENTENCES MAY BE CONSIDERED TO BE CONCURRENT
UNLESS IDENTIFIED AS CONSECUTIVE.

THIS RESPONSE IS BASED ON A NYSID NUMBER SUPPLIED BY YOUR AGENCY.

        ALL ENTRIES ARE AS COMPLETE AS THE DATA FURNISHED TO DCJS.
                  KATHERINE N. LAPP, COMMISSIONER
```

*exhibit 11*

| 1. NYSID No. | | | | | | Case No. / Ref. No. | | | 4b. |
|---|---|---|---|---|---|---|---|---|---|
| 7604361K | NA | | ARREST REPORT | | | 00326295 | | | |

| 5. FBI No. | 6. Arrest No. | 7. Agency | 8. Divis/Precinct | 4a. Other |
|---|---|---|---|---|
| 866978DB0 | 000008131 | ALBANY POLICE DEPARTMENT | | 87380 |

**IDENTENT**

| 9. Name (Last,First) | | | | 10. Alias/Nickname | | 11. Phone Number |
|---|---|---|---|---|---|---|
| LEWIS,DONALD | | | | LOUIS, DONALD | | |

| 12. Street Number and Name | | 13. City, State, Zip (C,T,V) | 14. Residence Status | 15a. POB |
|---|---|---|---|---|
| 148 BROAD ST #1 | | ALBANY,NY 12203 | | TROY NY |

| 16. Date of Birth | 17. Age | 18. Sex | 19. Race | 20. Ethnic | 21. Skin | 15b. POB |
|---|---|---|---|---|---|---|
| 01/08/1977 | 23 | MALE | BLACK | NON HISPANIC | MEDIUM | |

| 22. Height | 23. Weight | 24. Hair | 25. Eyes | 26. Glasses | 27. Build | 28. Marital Status | 29. US Citizen | 30. Citizen of |
|---|---|---|---|---|---|---|---|---|
| 5'11" | 168 | BLK | BRO | | MEDIUM | SINGLE | Yes | USA |

| 31. Social Security No | 32. Education | 33. Religion | 34. Occupation | 35. Employed | 36. Scars, Marks, Tattoos |
|---|---|---|---|---|---|
| | | | STUDENT | Yes | SC |

**ARREST**

| 37. Arresting Officer | 38. ID No | 39. Assisting Officer | 40. ID No | 41. Arrest Date | 42. Time | 43. Location of Arrest (C,T,V) |
|---|---|---|---|---|---|---|
| GAVIGAN, SCOTT | | MURPHY | | 09/14/2000 | 17:08 | MADISON AV/TRINITY PL |

| 44. Juvenile | 45. Condition of Defendant | 46. Weapons at Arrest | 47. Co-defendants Arrest No |
|---|---|---|---|
| No | NORMAL | No | |

| 48. Miranda | 49. Miranda By | 50. Miranda Date | 51. Miranda Time | 52. Statements | 53. Status | 54. Search Warr | 55. ID Procedure |
|---|---|---|---|---|---|---|---|
| Yes | MCKENNA, PETER | 09/14/2000 | 17:11 | | | No | |

| 56. Arraign Court | 57. Arraign Judge | 58. Date | 59. Time | 60. Property | 61. Evid | 61a. Process By | 61b. Disposition |
|---|---|---|---|---|---|---|---|
| ALBANY CITY COURT - CRIMINAL P | | 09/15/2000 | 09:00 | Yes | Yes | MURPHY,WILLIAM | LODGED-ADULT |

| 62. Incident No | 63. Arrestee Status | 64. Bail Amount | 65. Bondsman | 66. Photo No. |
|---|---|---|---|---|
| | | $0 | | |

| 67. Arrest Type | 68. Warrant No | 69. Arrest FOA | 70. Other Agency | 71. F/P Taken |
|---|---|---|---|---|
| CRIME IN PROGRESS | | No | | No |

| 72. Location of Offense | 73. Offense Date | 74. Offenders | 75. Victims | 76. Return Court | 77. Judge | 78. Date | 79. Time |
|---|---|---|---|---|---|---|---|
| MADISON AV/TRINITY PL | 09/14/2000 | 01 | 01 | | | | |

| 80. Defendant/Case TOT Agency | 80a. Officer's Name | 80b. ID No. | 81. Time | 82. Date |
|---|---|---|---|---|
| | | | | |

**CHARGE**

| 83. Law | Article & Section | SUB | CL | CAT | DEG | ATT | NAME OF OFFENSE | CTS | NCIC Code | VICTIM | ASSOC NO | TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 2203901A0F | | | | | | CRIM SALE NARCO DRUG | | 35A | | | |
| PL | 221050000V | | | | | | UNLAW POSS MARIHUANA | | 35A | | | |

**APSESROSCON**

| 84. Person Type | | | | | |
|---|---|---|---|---|---|
| Type | NAME (LAST, FIRST, MIDDLE) | STREET NAME & NUMBER | CITY/STATE/ZIP | TELEPHONE NO. |
| CO | GAVIGAN, SCOTT DETECTIVE | 1 MORTON AVENUE | ALBANY, NY | 5184628036 |
| RE | | | | |
| PA | | | | |

**NARRATIVE**

85. ON THE 14TH OF SEPTEMBER, 2000, BETWEEN 5:01 P.M. AND 5:09 P.M., THE DEFENDANT DID SELL A QUANTITY OF CRACK COCAINE TO ANOTHER FOR A SUM OF $20.00 U.S.C.. UPON HIS ARREST, THE DEFENDANT WAS FOUND TO HAVE IN HIS CONTROL AND UNDER HIS POSSESSION, ONE (1) BAG OF MARIHAUNA, LOCATED IN HIS FRONT LEFT POCKET.

| 86. Arresting Officer's Signature | 87. ID No | 88. Supervisor's Signature | 89. ID No. | 94. 1 |
|---|---|---|---|---|
| | | | | Page |

| 90. Result of SAFIS Latent Print ID? | 91. | | | of |
|---|---|---|---|---|
| Yes No Unknown | | | | Pages |

*Exhibit 12*

*Lodged cell #8 @ 7:45pm*

STATE OF NEW YORK
COUNTY COURT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - COUNTY OF ALBANY

THE PEOPLE OF THE STATE OF NEW YORK.

        -against-

KALIEF STANLEY, REGGIE ADAMS,

                    Defendants.

August Term
Case No.
SU001400
SU001401

---

### SEALED INDICTMENT

CHARGES:

    <u>KALIEF STANLEY</u>
    ATTEMPTED MURDER
    ASSAULT, 1st Degree  (Six Counts)

    <u>REGGIE ADAMS</u>
    ATTEMPTED MURDER.
    ASSAULT, 1st Degree  (Six Counts)

PRESENTED:        Friday, October 6, 2000

PRESENTED BY:    LAWRENCE WIEST, Acting
           District Attorney of the
          County of Albany.

          P.J. BLANCHFIELD, Esq., Assistant
           District Attorney, appearing
           for the People of the State
           of New York.

PRESENT:        THE GRAND JURY, A QUORUM.

                - - - - - -

Exhibit 13

LEWIS

WITNESS

MR. BLANCHFIELD:       Ladies and gentlemen, before I also fail to mention to you, these proposed indictments relate to incidents that happened on June 16th of this year, 2000.

EXAMINATION BY

MR. BLANCHFIELD:

Q       Good morning.  Could you please tell the Grand Jury your name?

A       Donald Lewis.

Q       And do you have a street name?

A       Yeah, Panama or Bloody Knuckles or General P.

Q       And you belong to a gang?

A       Yes, I'm a general in the Bloods.

Q       Mr. Lewis, let me direct your attention back to sometime around June 14th or so, right around that time, do you know a person by the name of Willie Jackson?

A       Yes, I do.

Q       And does he also go by the name of Jackpot?

A       Yes.

Q       How is it that you know Willie Jackson?

A       Me and Willie, he's been a -- he goes with a girl named Michelle Mayer who has been a long-time friend of our families and I've known him since '94.

Q       Does Willie Jackson have any affiliation to any gang?

Exhibit 14

STANLEY - ADAMS  -  10/6/00